IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CALBERT NICHOLAS MATHEWS, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19cv00688 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SOUTHWEST VIRGINIA | ) | |
| REGIONAL JAIL-HAYSI, et al., | ) | By: Hon. Thomas T. Cullen |
| | ) |      United States District Judge |
|     Defendants. | ) | |

Plaintiff Calbert Nicholas Mathews, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. By conditional filing orders entered October 17 and November 6, 2019, the court advised Mathews that he must notify the court in writing immediately upon his transfer or release and must provide the court with his new address. (See ECF Nos. 3 and 6). On September 29, 2020, an order mailed to Mathews was returned to the court as undeliverable and with no forwarding address. (See ECF No. 9.) Mathews has not provided the court with an updated address and, therefore, Mathews has failed to comply with the court's order and the court has no means of contacting him.

Moreover, Mathews' complaint fails to state a cognizable federal claim under § 1983. Mathews alleges that defendant Lt. Daniel Edwards told Mathews that "he was not going to have no ni**er sh*t gang . . . at his jail [and] that he would pay one of [the] old country boys to f**k [Mathews] up." Mathews states that he filed a grievance about it and "was told that [defendant] Captain McCoy was investigat[ing] it [and] that if any violation of jail policy [was] found to have occurred, it would be addressed with that staff member and [Mathews] would

not be informed of the finding." Mathews states that Capt. McCoy continued working in Mathews' pod after this discussion. Mathews alleges that on the morning of September 10, 2019, Capt. McCoy would not let Mathews or "[his] cell" have recreation and "said to thank [Mathews] for not getting rec[reation]."

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). In addition to Lt. Edwards and Capt. McCoy, Mathews names the Southwest Virginia Regional Jail-Haysi as a defendant. As the Southwest Virginia Regional Jail-Haysi is not a "person" subject to suit under § 1983, Mathews cannot maintain this action against the defendant jail. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

Mathews allegation that Lt. Edwards verbally threatened him fails to state a claim. The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal threats by prison officials in and of themselves do not state a constitutional deprivation under § 1983. Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Johnson v. Laham, 9 F.3d 1543 (4th Cir. 1993); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990), aff'd 917 F.2d 1302 (4th Cir. 1990) (finding that the threatening language of a prison official, even if true, does not amount to constitutional violation); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985)

(calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§] 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973) ("[T]hreatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations."); Bibbo v. Mulhern, 621 F. Supp. 1018, 1025 (D. Mass. 1985) (humiliating, denigrating, and frightening verbal abuse may be actionable as state tort, but does not state a fourteenth amendment claim); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). Mathews' allegation that Lt. Edwards verbally threatened him, without more, is insufficient to rise to the level of a constitutional violation.

To the extent Mathews is alleging that a defendant failed to follow jail policy, Mathews' allegation also fails to state a claim. A claim that public officials have not followed their own policies or procedures does not amount to a constitutional violation. See, e.g., Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Belcher v. Oliver, 898 F.2d 32, 36 (4th Cir. 1990) ("[F]ailure to follow procedures established for the general protection and welfare of inmates does not constitute deliberate disregard for the medical needs of a particular [inmate]."). Accordingly, Mathews' allegation fails to state a cognizable federal claim.

To the extent Mathews alleges that Capt. McCoy retaliated against him by denying Mathews recreation for one day, his allegation fails state a claim. It is well-settled that state

3

officials may not retaliate against an inmate for exercising his constitutional rights. See American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). To state a First Amendment § 1983 retaliation claim, an inmate must establish three elements: (1) the inmate's right to speak was protected; (2) the defendant's alleged retaliatory action adversely affected the inmate's constitutionally protected speech; and (3) a causal relationship existed between the inmate's speech and the defendant's retaliatory action. Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685-86 (4th Cir. 2000) (citations omitted). In order to sustain a cognizable retaliation claim, an inmate must point to specific facts supporting his claim of retaliation. White v. White, 886 F.2d 271 (4th Cir. 1989). "[B]are assertions of retaliation do not establish a claim of constitutional dimension." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (federal courts should regard inmate claims of retaliation with "skepticism"). Additionally, an inmate must come forward with specific evidence "establish[ing] that but for the retaliatory motive, the complained of incident . . . would not have occurred." Brizuela v. Immigration Ctrs. of Am., No. 1:15cv1662, 2016 U.S. Dist. LEXIS 170161, at *12 (E.D. Va. Dec. 7, 2016) (citing Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)). Mathews has not alleged any specific evidence that but for his filing of the grievance, he would not have been denied recreation on that one morning in 2019. Therefore, the court concludes that Mathews' allegation that Capt. McCoy retaliated against is insufficient to rise to the level of a constitutional violation.

For these reasons, the court will dismiss Mathews' complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**ENTERED** this  30th  day of September, 2020.

/s/ T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE